# Exhibit A

11-22-19 @ 140

# COPY

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

PEAK CAMPUS CALIFORNIA, INC., a Delaware corporation;
REALPAGE, INC., a Delaware corporation; and DOES 1-20 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RICHARD BURTON, an individual; ANDREW CLIFTON, an
individual; see attachment for additional parties

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

BY FAX

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* San Francisco Superior Court<br><br>400 McAllister St.<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-19-580946 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joe Ollinger, 3348 Griffith Park Blvd., #22, Los Angeles, CA 90027; telephone (310) 424-0097

| DATE: NOV 21 2019 | Clerk, by | KALENE APOLONIO | , Deputy |
|---|---|---|---|
| *(Fecha)* | CLERK OF THE COURT *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):*   **REALPAGE, INC., a Delaware corporation**

under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
      ☐ other *(specify):*   11-22-19
4. ☒ by personal delivery on *(date):*   11-22-19

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

SUM-200(A)

| SHORT TITLE:<br>Burton, et. al. v. Peak Campus California, Inc., et. al. | CASE NUMBER: |
|---|---|

**INSTRUCTIONS FOR USE**

➜ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➜ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

**List additional parties** *(Check only one box. Use a separate page for each type of party.):*

☑ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

KYLE LOUEY, an individual; KAITLIN KIRKPATRICK, an individual; and KIMBERLY KIRKPATRICK, an individual,

Page ___1___ of ___1___

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

 **CT Corporation**

**Service of Process Transmittal**
11/22/2019
CT Log Number 536692665

TO: DAVID MONK
REALPAGE, INC.
2201 LAKESIDE BLVD
RICHARDSON, TX 75082-4305

RE: **Process Served in California**

FOR: RealPage, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD BURTON, etc., et al., Pltfs. vs. PEAK CAMPUS CALIFORNIA, INC., etc., et al., Dfts. // To: RealPage, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA Case # CGC19580946 |
| **NATURE OF ACTION:** | Complaint For Damages is hereby served |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/22/2019 at 14:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Joseph B. Ollinger Law Office of Joseph B. Ollinger PC 3348 Griffith Park Blvd. #22 Los Angeles, CA 90027 310-424-0097 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780108498907 |
| | Image SOP |
| | Email Notification,  Leanna Honeycutt  leanna.honeycutt@realpage.com |
| | Email Notification,  BONNIE LEIGH  bonnie.leigh@realpage.com |
| | Email Notification,  DAVID MONK  david.monk@realpage.com |
| | Email Notification,  SARAH REYNOLDS  sarah.reynolds@realpage.com |
| | Email Notification,  PAT EIKE  patricia.eike@realpage.com |
| | Email Notification,  MARTIN THORNTHWAITE  martin.thornthwaite@realpage.com |
| | Email Notification,  Alyssa Pazandak  alyssa.pazandak@realpage.com |
| **SIGNED:** | C T Corporation System |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/22/2019
CT Log Number 536692665

**TO:**  DAVID MONK
REALPAGE, INC.
2201 LAKESIDE BLVD
RICHARDSON, TX 75082-4305

**RE:**  **Process Served in California**

**FOR:**  RealPage, Inc.  (Domestic State: DE)

**ADDRESS:**  1999 Bryan Street
Suite 900
Dallas, TX 75201

**For Questions:**  866-665-5799
SouthTeam2@wolterskluwer.com

Page 2 of  2 / AA

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1  Joseph B. Ollinger (SBN: 285641)
Law Office of Joseph B. Ollinger PC
2  3348 Griffith Park Blvd. #22
Los Angeles, California 90027
3  Telephone: (310) 424-0097
Email: josephollinger@gmail.com
4  Attorney for Plaintiffs
RICHARD BURTON, ANDREW CLIFTON,
5  KYLE LOUEY, KAITLIN KIRKPATRICK,
and KIMBERLY KIRKPATRICK
6

7                  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                              **COUNTY OF SAN FRANCISCO**

9  RICHARD BURTON, an individual;              **Case No.: CGC-19-580946**
ANDREW CLIFTON, an individual;
10  KYLE LOUEY, an individual; KAITLIN         **COMPLAINT FOR DAMAGES**
KIRKPATRICK, an individual; and             **(CORRECTED)**
11  KIMBERLY KIRKPATRICK, an individual,
12                                             **1. ICRAA – Cal. Civ. Code §§ 1786 –**
            Plaintiffs,                            **1786.60**
13
14          v.                                 **2. Unfair Business Practices – Cal. Bus. &**
                                                   **Profs. Code §§ 17200, et. seq.**
15  PEAK CAMPUS CALIFORNIA, INC., a
Delaware corporation; REALPAGE, INC., a     **3. Negligence Per Se**
16  Delaware corporation; and DOES 1-20
inclusive,                                  **DEMAND FOR JURY TRIAL**
17
            Defendants.
18

19

20                              **COMPLAINT FOR DAMAGES**

21      Plaintiffs RICHARD BURTON ("Burton"), ANDREW CLIFTON ("Clifton"), KYLE

22  LOUEY ("Louey"), KAITLIN KIRKPATRICK ("Kaitlin"), and KIMBERLY KIRKPATRICK

23  ("Kimberly") complain and allege as follows:

24                                    **THE PARTIES**

25  1. Plaintiff Richard Burton is an individual residing in the State of California, and was a prospective

26      tenant at the building known as The Post On Nord ("the Building" or "Post on Nord"), located at

27      1200 Nord Avenue, Chico, California 95926. Plaintiff Richard Burton is currently a tenant in the

28      Building.

                                        **COMPLAINT**

2.   Plaintiff Andrew Clifton is an individual residing in the State of California, and was a prospective tenant at the Building. Plaintiff Andrew Clifton is currently a tenant in the Building.

3.   Plaintiff Kaitlin Kirkpatrick is an individual residing in the State of California, and was a prospective tenant at the Building. Plaintiff Kaitlin Kirkpatrick is currently a tenant in the Building.

4.   Plaintiff Kimberly Kirkpatrick is an individual residing in the State of California, and was a prospective guarantor for an apartment at the Building. Plaintiff Kimberly Kirkpatrick is currently a guarantor on Plaintiff Kaitlin Kirkpatrick's lease.

5.   Plaintiff Kyle Louey is an individual residing in the State of California, and was a prospective tenant at the Building. Plaintiff Kyle Louey is currently a tenant in the Building.

6.   Defendant PEAK CAMPUS CALIFORNIA, INC. ("Defendant" or "Peak Campus California") was and is a Delaware corporation with its principle place of business at 2970 Clairmont Road, Suite #310, Atlanta, Georgia 30329. At all times relevant herein, Defendant Peak Campus California, Inc. was the manager of the Building and held itself out as such.

7.   Defendant Peak Campus California was and is a real estate developer, property owner, property management company, and lessor of a large number of housing units across California.

8.   The Peak Campus group of companies manages and leases out over twelve thousand (12,000) housing units to over forty-eight thousand (47,000) tenants in over sixty-five (65) large, multi-unit buildings across the United States.

9.   Defendant REALPAGE, INC. ("Defendant" or "RealPage") is a Delaware corporation with its principle place of business at 2201 Lakeside Boulevard, Richardson, Texas 75082. Defendant RealPage was and is the purveyor of a consumer investigative reporting agency and service called LeasingDesk, which procured and supplied investigative consumer reports about each Plaintiff.

10.  Plaintiffs are unaware of the true names of Defendants Does 1 through 20. Said Defendants are sued by said fictitious names. The pleadings will be amended as necessary to obtain relief against Defendants Does 1 through 20 when the true names and capacities are ascertained or when such facts pertaining to their liability are ascertained, or as permitted by

1    law or by the Court. They include all parent companies of, subsidiaries of, and companies

2    owned by the named Defendants. They may also include the other owners and other managers

3    of the Building, any third-party reporting entities which provided covered reports, and any

4    agents, subsidiaries, affiliates, and parent companies thereof.

5    11. Below, "Defendants" means Defendants Peak Campus California, Defendant RealPage, and

6    the fictitiously named Defendants, each and all of them. Hereinafter in the Complaint, unless

7    otherwise specified, reference to a Defendant shall refer to all Defendants, inclusive, and each

8    of them.

9    12. None of the Defendants reside in the state of California, and as such the action may be tried in

10    the superior court in any county in California, per California Code of Civil Procedure Section

11    395.

12    13. Unless otherwise specified, the allegations in this Complaint pertain to the entire periods of

13    time covered by the relevant statutes of limitations of the causes of action in which the

14    allegations appear.

15    14. The allegations in this Complaint are made without any admission that, as to any particular

16    allegation, Plaintiffs or any of them bear the burden of pleading, proof, or persuasion. All

17    rights to plead in the alternative are reserved.

18    **COMMON ALLEGATIONS**

19    15. In early 2019, Plaintiffs inquired with Defendant Peak Campus California, Inc. about renting

20    in the Building.

21    16. Defendant Peak Campus California, Inc. directed Plaintiffs to complete an application. The

22    application indicated that Defendant Peak Campus California, Inc. would procure certain

23    information on applicants' character, general reputation, personal characteristics, and/or mode

24    of living, including information involving payment history, rental history, personal history,

25    and criminal history. It also stated that Defendant Peak Campus California, Inc. would procure

26    the same information on applicants' guarantors. The application purported to include an

27    authorization for Defendants to obtain this information.

28

17. Plaintiffs are informed and believe and on that basis allege that the information identified (albeit vaguely) is of the type commonly verified by Investigative Consumer Reports conveying information regarding an individual's character, general reputation, personal characteristics, and/or mode of living.

18. Plaintiffs each completed the application and submitted it.

19. Defendant Peak Campus California, Inc. demanded the payment of a fee in connection with the application. Plaintiffs each paid the fee, and Defendant Peak Campus California, Inc. accepted the payment.

20. Defendants Peak Campus California, Inc. and DOE Defendants processed each Plaintiff's application.

21. Defendant Peak Campus California, Inc. procured a number of investigative consumer reports about each Plaintiff.

22. Defendant RealPage procured a number of investigative consumer reports about each Plaintiff and furnished to Defendant Peak Campus California, Inc. and DOE Defendants a number of investigative consumer reports about each Plaintiff.

23. Defendant Peak Campus California, Inc. and DOE Defendants granted Plaintiffs Andrew Clifton, Kyle Louey, and Kaitlin Kirkpatrick an apartment within the Building known as The Post on Nord.

24. Defendant Peak Campus California, Inc. and DOE Defendants approved Plaintiff Kimberly Kirkpatrick as guarantor on Plaintiff Kaitlin Kirkpatrick's lease.

25. Defendant Peak Campus California, Inc. and DOE Defendants granted Plaintiff Richard Burton an apartment within the Building known as The Post on Nord.

26. Defendants intentionally concealed from Plaintiffs the nature and type of the investigative consumer reports they would procure from Plaintiffs and the date the reports would be procured.

27. Defendants did not provide a means by which any Plaintiff could indicate that he or she wished to receive a copy of any report prepared in connection with the application. Defendants did not provide a consent form or disclosure with a box to check.

28. Defendants did not make the required certifications to the entities or individuals providing the reports, as discussed below.

29. Defendants did not agree to provide a copy of any of the reports prepared about any Plaintiff.

30. Defendants did not notify any Plaintiff in writing that an investigative consumer report would be made regarding his or her character, general reputation, personal characteristics, and/or mode of living. Defendants did not notify any Plaintiff in writing of any of the investigative consumer reports made about any Plaintiff.

31. Defendants did not notify any Plaintiff of the name or address of the investigative consumer reporting agency that would prepare any report about him or her. Plaintiffs are informed and believe and on that basis allege that Defendants did not notify any Plaintiff of this information within three days after the date on which the report was first requested.

32. Defendants did not provide a summary of the provisions of Civil Code Section 1786.22 to any Plaintiff.

33. Defendants did not provide copies of any of the reports obtained about any Plaintiff.

34. Defendant RealPage failed to post required privacy notices on its website as discussed below.

35. Prior to requesting or procuring the Investigative Consumer Reports about each Plaintiff, Defendant Peak Campus California was aware of the Investigative Consumer Reporting Agencies Act.

36. Prior to requesting or procuring the Investigative Consumer Reports about each Plaintiff, Defendant Peak Campus California had been informed in writing about the Investigative Consumer Reporting Agencies Act, and was informed in writing that the subject of a background check has the "right to receive all disclosures, as provided in CA Civil Code Section 1786.26."

37. In spite of being on notice that its conduct was unlawful, Defendant Peak Campus California committed the above violations anyway. Its conduct in doing so was willful and/or grossly negligent.

1   38. Prior to requesting, procuring, and/or furnishing the Investigative Consumer Reports about

2       each Plaintiff, Defendant RealPage was aware of the Investigative Consumer Reporting

3       Agencies Act.

4   39. Prior to requesting, procuring, and/or furnishing the Investigative Consumer Reports about

5       each Plaintiff, Defendant RealPage had referred in writing to the Investigative Consumer

6       Reporting Agencies Act, and acknowledged in writing that the subject of a background check

7       has the "right to receive all disclosures, as provided in CA Civil Code Section 1786.26."

8   40. In spite of being on notice that its conduct was unlawful, Defendant RealPage committed the

9       above violations anyway. Its conduct in doing so was willful and/or grossly negligent.

10                              **FIRST CAUSE(S) OF ACTION**
    **Investigative Consumer Reporting Agencies Act - Violation of Cal. Civ. Code § 1786, et.**
11                                    **seq.**
                               **(Against All Defendants)**
12  41. Plaintiffs reallege the statements and allegations contained foregoing paragraphs of this

13      Complaint as if fully set forth herein.

14  42. California Civil Code Section 1786.16(b)(1) requires that any person "who requests an

15      investigative consumer report" must do as follows:

16          Provide the consumer a means by which the consumer may indicate on a
            written form, by means of a box to check, that the consumer wishes to receive
17          a copy of any report that is prepared. If the consumer wishes to receive a copy
            of the report, the recipient of the report shall send a copy of the report to the
18          consumer within three business days of the date that the report is provided to
            the recipient, who may contract with any other entity to send a copy to the
19          consumer. The notice to request the report may be contained on either the
            disclosure form, as required by subdivision (a), or a separate consent form.
20          The copy of the report shall contain the name, address, and telephone number
            of the person who issued the report and how to contact them.
21

22  43. Defendants failed to comply with these provisions. Defendants did not provide a box to check,

23      did not provide a consent form or disclosure, did not provide copies of any of the numerous

24      reports obtained about any Plaintiff, and did not supply the names or addresses of the

25      investigative consumer reporting agencies making the reports.

26  44. California Civil Code Section 1786.16(a)(3) requires that:

27          the person procuring or causing the request to be made shall, not later than three
            days after the date on which the report was first requested, notify the consumer
28          in writing that an investigative consumer report will be made regarding the

                                        6
                                    COMPLAINT

consumer's character, general reputation, personal characteristics, and mode of living. The notification shall also include the name and address of the investigative consumer reporting agency that will prepare the report and a summary of the provisions of Section 1786.22.

45. Defendants failed to comply with these provisions. Defendants did not notify any Plaintiff that an investigative consumer report would be made regarding his or her character, general reputation, personal characteristics, and/or mode of living, did not provide the name or address of the investigative consumer reporting agencies that would prepare the reports, and did not provide a summary of the provisions of Section 1786.22.

46. California Civil Code Section 1786.16(a)(5) provides that no Investigative Consumer Report may be procured unless "The person procuring the report or causing it to be prepared agrees to provide a copy of the report to the subject of the investigation, as provided in subdivision (b)."

47. Defendants failed to do so. They never agreed to provide a copy of any of the reports prepared about any Plaintiff.

48. California Civil Code Section 1786.16(a)(5) provides:

The person procuring or causing the request to be made shall certify to the investigative consumer reporting agency that the person has made the applicable disclosures to the consumer required by this subdivision and that the person will comply with subdivision (b).

49. Plaintiffs are informed and believe and on that basis allege that Defendants failed to do so, and did not make the required certification to the entities or individuals providing the reports.

50. California Civil Code Section 1786.16(a) provides that no person or entity may "cause to be prepared an investigative consumer report" unless the conditions set forth by Section 1786.16 are met.

51. As set forth above, the conditions set forth by California Civil Code Section 1786.16 were not met, and therefore the Defendant RealPage failed to comply with Section 1786.16(a).

52. California Civil Code Section 1786.20(a) provides in relevant part:

An investigative consumer reporting agency shall maintain reasonable procedures designed to avoid violations of Section 1786.18 and to limit furnishing of investigative consumer reports for the purposes listed under Section 1786.12. These procedures shall require that prospective users of the information identify themselves, certify the purposes for which the information is sought and that the information will be used for no other

purposes, and make the certifications described in paragraph (4) of subdivision (a) of Section 1786.16. . . . An investigative consumer reporting agency may not furnish an investigative consumer report to a person unless it has a written agreement that the investigative consumer reports will be used by that person only for purposes listed in Section 1786.12.

53. Plaintiffs are informed and believe and on that basis allege that the Defendant RealPage failed to comply with Section 1786.20(a).

54. California Civil Code Section 1786.20, subdivision (d) provides:

> (1) An investigative consumer reporting agency doing business in this state shall conspicuously post, as defined in subdivision (b) of Section 22577 of the Business and Professions Code, on its primary Internet Web site information describing its privacy practices with respect to its preparation and processing of investigative consumer reports. If the investigative consumer reporting agency does not have an Internet Web site, it shall, upon request, mail a written copy of the privacy statement to consumers. The privacy statement shall conspicuously include, but not be limited to, both of the following:
> (A) A statement entitled "Personal Information Disclosure: United States or Overseas," that indicates whether the personal information will be transferred to third parties outside the United States or its territories.
> (B) A separate section that includes the name, mailing address, e-mail address, and telephone number of the investigative consumer reporting agency representatives who can assist a consumer with additional information regarding the investigative consumer reporting agency's privacy practices or policies in the event of a compromise of his or her information.
> (2) For purposes of this subdivision, "third party" shall include, but not be limited to, a contractor, foreign affiliate, wholly owned entity, or an employee of the investigative consumer reporting agency.

55. Defendant RealPage failed to comply with these provisions of Section 1786.20.

56. As a direct, legal and proximate result of Defendants' conduct as alleged above, Plaintiffs each suffered damages in an amount according to proof at trial, including but not limited to emotional distress, injury, and harm to property interests.

57. In the alternative, Plaintiffs are each entitled to the statutory damages in the amount of Ten Thousand Dollars ($10,000.00) per violation, from each Defendant.

58. In the alternative, Plaintiffs allege that each Investigative Consumer Report procured or supplied by Defendants constitutes a distinct violation of the primary right or rights contemplated by Code of Civil Procedure Sections 1786 through 1786.60, and as such that each report gives rise to a separate "cause of action" for the purposes of the statutory damage

8

COMPLAINT

1    amount. Plaintiffs are informed and believes and on that basis allege that at least four (4) and

2    possibly many more Investigate Consumer Reports about each Plaintiff were procured or made

3    by Defendants.

4    59. The Investigative Consumer Reporting Agencies Act ("ICRAA") was passed in 1975 and last

5    amended in 1998. Plaintiffs are informed and believe and on that basis allege that Defendants

6    were aware of ICRAA at the time the violations occurred. Defendants are sophisticated, large

7    companies. Defendant Peak Campus California manages over twelve thousand (12,000) units

8    of housing and is landlord to over forty-seven thousand (47,000) people. Defendant RealPage

9    publicly claims to be "the industry's largest rental payment history database." Defendant

10    RealPage publicly claims that it "currently serves nearly twelve thousand two hundred

11    (12,200) clients worldwide."

12    60. As discussed more fully above, prior to requesting or procuring the Investigative Consumer

13    Reports about each Plaintiff, Defendant Peak Campus California was aware of the

14    Investigative Consumer Reporting Agencies Act, was  informed in writing about the

15    Investigative Consumer Reporting Agencies Act, and was informed in writing that the subject

16    of a background check has the "right to receive all disclosures, as provided in CA Civil Code

17    Section 1786.26[,]" and in spite of being on notice that its conduct was unlawful, Defendant

18    Peak Campus committed the above violations anyway. Its conduct in doing so was willful

19    and/or grossly negligent.

20    61. As discussed more fully above, prior to requesting or procuring the Investigative Consumer

21    Reports about each Plaintiff, Defendant RealPage was aware of the Investigative Consumer

22    Reporting Agencies Act, had referred in writing to the Investigative Consumer Reporting

23    Agencies Act, and acknowledged in writing that the subject of a background check has the

24    "right to receive all disclosures, as provided in CA Civil Code Section 1786.26[,]" and in spite

25    of being on notice that its conduct was unlawful, Defendant RealPage committed the above

26    violations anyway. Its conduct in doing so was willful and/or grossly negligent.

27    62. Defendants' conduct was grossly negligent and/or willful; therefore Plaintiffs are each also

28    entitled to punitive damages in an amount according to proof.

63. As a direct, legal, and proximate result of Defendants' conduct, Plaintiffs were caused to and did employ the services of counsel to prosecute this action, and are accordingly entitled to an award of attorney fees according to proof.

64. Plaintiffs are each also entitled to permanent injunctive and declaratory relief to the following effect:

    a. That Defendants are prohibited from engaging in the violations and other misconduct referred to above;

    b. That Defendants shall comply with ICRAA to the extent possible with respect to the investigative consumer reports already procured about each Plaintiff;

    c. That Defendants must deliver, within three days, copies of all investigative consumer reports to the individuals on whom they were prepared;

    d. That Defendant RealPage shall implement and maintain reasonable procedures designed to avoid violations of California Civil Code Sections 1786 through 1786.60 and to limit furnishing of investigative consumer reports for the purposes listed under California Civil Code Section 1786.12, including procedures:

        i. Requiring that prospective users of the information sought from RealPage identify themselves;

        ii. Requiring that prospective users of the information sought from RealPage certify the purposes for which the information is sought and that the information will be used for no other purposes;

        iii. Requiring that prospective users of the information sought from RealPage certify that the prospective user shall, not later than three days after the date on which the report was first requested, notify the consumer in writing that an investigative consumer report will be made regarding the consumer's character, general reputation, personal characteristics, and mode of living

        iv. Requiring that prospective users of the information sought from RealPage certify that the prospective user shall, not later than three days after the date on

1           which the report was first requested, disclose to the consumer the name and

2           address of RealPage;

3              v.  Requiring that prospective users of the information sought from RealPage

4           certify that the prospective user shall, not later than three days after the date on

5           which the report was first requested, provide the consumer with a copy of

6           California Civil Code Section 1786.22 or a summary of its provisions.

7     e.  That Defendant RealPage shall post on its primary Internet Web site information

8        describing its privacy practices with respect to its preparation and processing of

9        investigative consumer report, which shall conspicuously include (A) A statement

10      entitled "Personal Information Disclosure: United States or Overseas," that indicates

11      whether the personal information will be transferred to third parties outside the United

12      States or its territories; and (B) A separate section that includes the name, mailing

13      address, e-mail address, and telephone number of the investigative consumer reporting

14      agency representatives who can assist a consumer with additional information

15      regarding the investigative consumer reporting agency's privacy practices or policies in

16      the event of a compromise of his or her information; and

17     f.  That Defendant Peak Campus California, Inc. is prohibited from retaliating against any

18        Plaintiff for the filing of this lawsuit.

19                               **SECOND CAUSE OF ACTION**

        **Unfair Business Practices - Violation of Cal. Bus. & Profs. Code § 17200, et. seq.**

20                                **(Against All Defendants)**

21  65. Plaintiffs reallege the statements and allegations contained foregoing paragraphs of this

22     Complaint as if fully set forth herein.

23  66. Defendants violated the ICRAA as detailed more fully above.

24  67. Defendants failed to provide notice to each Plaintiff of their rights, and failed to provide

25     information to each Plaintiff as required by law and as prevailing standards of fairness dictate.

26  68. Defendants' violations and conduct described above constitute unfair, unlawful business acts

27     and practices in violation of Business & Professions Code sections 17200, et. seq.

28

69. Plaintiffs are each entitled to restitution of the fees and deposits paid in connection with their applications to Defendants for an apartment.

70. Plaintiffs bring this action in order to enforce one or more important rights affecting the public interest. The injunction and cessation of Defendants' wrongful conduct will result in a significant benefit, both pecuniary and nonpecuniary, to the general public, or at least a large class of persons. In the interests of justice, attorney fees should be paid upon recovery by Plaintiffs, or any of them, in this case. The necessity and financial burden of private enforcement of the rights asserted herein make an award of attorney fees appropriate as provided for in Code of Civil Procedure Section 1021.5.

**THIRD CAUSE OF ACTION**
**Negligence Per Se**
**(Against All Defendants)**

71. Plaintiffs reallege the statements and allegations contained foregoing paragraphs of this Complaint as if fully set forth herein.

72. As set forth more fully above, California Code of Civil Procedure Sections 1786 through 1786.60 impose upon Defendants certain affirmative duties which must be performed in connection with the procurement of Investigative Consumer Reports.

73. Defendants negligently, and/or grossly negligently, and/or recklessly violated these duties, as set forth more fully above.

74. Plaintiffs are informed, believe, and thereon allege that Defendants knew and reasonably should have known that their breach of the above duties could result in foreseeable harm to Plaintiffs.

75. As a direct, legal and proximate result of Defendants' conduct, as alleged above, Plaintiffs each suffered damages, including emotional distress, injury, and harm to property interests, all of which entitle each Plaintiff to damages according to proof.

**DEMAND FOR JURY TRIAL**

76. Plaintiffs each demand a trial by jury for each cause of action stated herein.

## **PRAYER**

WHEREFORE, Plaintiffs each pray for judgment as follows:

1. For general damages according to proof, on each cause of action for which such damages are available;

2. For compensatory damages according to proof, on each cause of action for which such damages are available;

3. For statutory damages according to law, on each cause of action for which such damages are available, in the amount of One Hundred Sixty Thousand Dollars ($160,000.00) each, from each Defendant, or greater than that amount according to proof;

4. For punitive damages according to proof;

5. For prejudgment and post-judgment interest according to law;

6. For such reasonable attorney fees and costs as are available under California law;

7. For equitable relief and restitution to the extent available under law;

8. For a permanent injunction barring Defendant from engaging in the unlawful conduct described herein and barring Defendant from future violations of ICRAA with respect to each Plaintiff, and requiring Defendant to comply with ICRAA to the extent possible with respect to the reports they have already procured, providing:

   a. That Defendants are prohibited from engaging in the violations and other misconduct referred to above;

   b. That Defendants shall comply with ICRAA to the extent possible with respect to each of the investigative consumer reports prepared about each Plaintiff;

   c. That Defendants must deliver, within three days, deliver copies of all investigative consumer reports to the individuals on whom they were prepared;

   d. That Defendant RealPage shall implement and maintain reasonable procedures designed to avoid violations of California Civil Code Section 1786.18 and to limit furnishing of investigative consumer reports for the purposes listed under California Civil Code Section 1786.12, including procedures:

13
**COMPLAINT**

      i.  Requiring that prospective users of the information sought from RealPage identify themselves;

      ii.  Requiring that prospective users of the information sought from RealPage certify the purposes for which the information is sought and that the information will be used for no other purposes;

      iii.  Requiring that prospective users of the information sought from RealPage certify that the prospective user shall, not later than three days after the date on which the report was first requested, notify the consumer in writing that an investigative consumer report will be made regarding the consumer's character, general reputation, personal characteristics, and mode of living

      iv.  Requiring that prospective users of the information sought from RealPage certify that the prospective user shall, not later than three days after the date on which the report was first requested, disclose to the consumer the name and address of RealPage;

      v.  Requiring that prospective users of the information sought from RealPage certify that the prospective user shall, not later than three days after the date on which the report was first requested, provide the consumer with a copy of California Civil Code Section 1786.22 or a summary of its provisions;

e.  That Defendant RealPage shall post on its primary Internet Web site information describing its privacy practices with respect to its preparation and processing of investigative consumer report, which shall conspicuously include (A) A statement entitled "Personal Information Disclosure: United States or Overseas," that indicates whether the personal information will be transferred to third parties outside the United States or its territories; and (B) A separate section that includes the name, mailing address, e-mail address, and telephone number of the investigative consumer reporting agency representatives who can assist a consumer with additional information regarding the investigative consumer reporting agency's privacy practices or policies in the event of a compromise of his or her information; and

1        f.   That Defendant Peak Campus California, Inc. is prohibited from retaliating against any

2           Plaintiff for the filing of this lawsuit; and

3    9.   For such other and further relief as the Court should deem just and proper.

4

5    Respectfully submitted,           LAW OFFICE OF JOSEPH B. OLLINGER PC

6

7    Dated: November 21ˢᵗ, 2019    By:

8                                  Joe Ollinger, Esq., attorney for Plaintiffs
                              RICHARD BURTON, ANDREW CLIFTON,

9                                  KYLE LOUEY, KAITLIN KIRKPATRICK, and

10                                 KIMBERLY KIRKPATRICK

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

15
COMPLAINT

 CT Corporation

**Service of Process Transmittal**
11/22/2019
CT Log Number 536692665

TO:   DAVID MONK
      REALPAGE, INC.
      2201 LAKESIDE BLVD
      RICHARDSON, TX 75082-4305

RE:   **Process Served in California**

FOR:  RealPage, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | RICHARD BURTON, etc., et al., Pltfs. vs. PEAK CAMPUS CALIFORNIA, INC., etc., et al., Dfts. // To: RealPage, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Instructions, Complaint, Attachment(s) |
| **COURT/AGENCY:** | San Francisco County - Superior Court - San Francisco, CA<br>Case # CGC19580946 |
| **NATURE OF ACTION:** | Complaint For Damages is hereby served |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 11/22/2019 at 14:15 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days of service |
| **ATTORNEY(S) / SENDER(S):** | Joseph B. Ollinger<br>Law Office of Joseph B. Ollinger PC<br>3348 Griffith Park Blvd. #22<br>Los Angeles, CA 90027<br>310-424-0097 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780108498907 |
| | Image SOP |
| | Email Notification,  Leanna Honeycutt  leanna.honeycutt@realpage.com |
| | Email Notification,  BONNIE LEIGH  bonnie.leigh@realpage.com |
| | Email Notification,  DAVID MONK  david.monk@realpage.com |
| | Email Notification,  SARAH REYNOLDS  sarah.reynolds@realpage.com |
| | Email Notification,  PAT EIKE  patricia.eike@realpage.com |
| | Email Notification,  MARTIN THORNTHWAITE  martin.thornthwaite@realpage.com |
| | Email Notification,  Alyssa Pazandak  alyssa.pazandak@realpage.com |
| **SIGNED:** | C T Corporation System |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

 CT Corporation

**Service of Process Transmittal**
11/22/2019
CT Log Number 536692665

**TO:**     DAVID MONK
            REALPAGE, INC.
            2201 LAKESIDE BLVD
            RICHARDSON, TX 75082-4305

**RE:**     **Process Served in California**

**FOR:**    RealPage, Inc.  (Domestic State: DE)

**ADDRESS:**          1999 Bryan Street
                      Suite 900
                      Dallas, TX 75201

**For Questions:**    866-665-5799
                      SouthTeam2@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JS-CAND 44 (Rev. 07/19)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Richard Burton; Andrew Clifton, Kyle Louey, Kaitlin Kirkpatrick, Kimberly Kirkpatrick

**(b)** County of Residence of First Listed Plaintiff   Butte County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Joseph B. Ollinger, Law Office of Joseph B. Ollinger PC
3348 Griffith Park Blvd. #22
Los Angeles, CA 90027
Telephone: 310.424.0097

## DEFENDANTS

Peak Campus California, Inc.; RealPage, Inc.; and Does 1-20

County of Residence of First Listed Defendant   Fulton County, GA
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

Mary Kate Kamka, Troutman Sanders LLP
580 California Street, Suite 1100
San Francisco, CA 94104
Telephone: 415.477.5700

Ronald I. Raether, Troutman Sanders LLP
5 Park Plaza, Suite 1400
Irvine, CA 92614
Telephone: 949.622.2722

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

|  |  |  |  |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC § 881 | ☐ 422 Appeal 28 USC § 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury – Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC § 157 | ☐ 376 Qui Tam (31 USC § 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment Of Veteran's Benefits | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| | ☐ 340 Marine | | ☐ 720 Labor/Management Relations | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 740 Railway Labor Act | ☐ 835 Patent—Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 751 Family and Medical Leave Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 790 Other Labor Litigation | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 791 Employee Retirement Income Security Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury -Medical Malpractice | ☐ 385 Property Damage Product Liability | | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | | | **IMMIGRATION** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 462 Naturalization Application | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 440 Other Civil Rights | **HABEAS CORPUS** | ☐ 465 Other Immigration Actions | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS–Third Party 26 USC § 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 445 Amer. w/Disabilities– Employment | ☐ 535 Death Penalty | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 446 Amer. w/Disabilities–Other | **OTHER** | | | |
| ☐ 245 Tort Product Liability | ☐ 448 Education | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee– Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | ☒ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation–Transfer |
| | | | | | ☐ 8 Multidistrict Litigation–Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Plaintiff alleges violations of ICRAA, Business & Professions Code section 17200, and Negligence Per Se

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S), IF ANY *(See instructions):*

JUDGE

DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)

**(Place an "X" in One Box Only)**   ☒ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE   ☐ EUREKA-MCKINLEYVILLE

DATE   12/20/2019

SIGNATURE OF ATTORNEY OF RECORD   /s/ Mary Kate Kamka

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-CAND 44

**Authority For Civil Cover Sheet.** The JS-CAND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I. a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)."

II. **Jurisdiction.** The basis of jurisdiction is set forth under Federal Rule of Civil Procedure 8(a), which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

   (1) United States plaintiff. Jurisdiction based on 28 USC §§ 1345 and 1348. Suits by agencies and officers of the United States are included here.

   (2) United States defendant. When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

   (3) Federal question. This refers to suits under 28 USC § 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

   (4) Diversity of citizenship. This refers to suits under 28 USC § 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS-CAND 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V. **Origin.** Place an "X" in one of the six boxes.

   (1) Original Proceedings. Cases originating in the United States district courts.

   (2) Removed from State Court. Proceedings initiated in state courts may be removed to the district courts under Title 28 USC § 1441. When the petition for removal is granted, check this box.

   (3) Remanded from Appellate Court. Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

   (4) Reinstated or Reopened. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

   (5) Transferred from Another District. For cases transferred under Title 28 USC § 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

   (6) Multidistrict Litigation Transfer. Check this box when a multidistrict case is transferred into the district under authority of Title 28 USC § 1407. When this box is checked, do not check (5) above.

   (8) Multidistrict Litigation Direct File. Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

   Please note that there is no Origin Code 7. Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC § 553. Brief Description: Unauthorized reception of cable service.

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Federal Rule of Civil Procedure 23.

   Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

   Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS-CAND 44 is used to identify related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

IX. **Divisional Assignment.** If the Nature of Suit is under Property Rights or Prisoner Petitions or the matter is a Securities Class Action, leave this section blank. For all other cases, identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated."

**Date and Attorney Signature.** Date and sign the civil cover sheet.