UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BURTON, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PEAK CAMPUS CALIFORNIA, INC.<br><br>    Defendants. | Case No.  19-cv-08341-VC<br><br>**ORDER REMANDING CASE TO STATE COURT** |

The plaintiffs in this case lack Article III standing to pursue any of their claims as alleged in their complaint. As the remaining defendant points out, the plaintiffs lack standing to seek prospective injunctive relief because they do not allege any likelihood of future harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983). But they also do not adequately articulate any harm deriving from the defendant's alleged past violations of California statutory provisions setting out mandatory procedures for investigative consumer reporting agencies and those who request consumer reports.

The complaint alleges that the defendant failed, among other things, to make certifications about how consumer information would be used and to provide the plaintiffs with copies of their consumer reports, as required by certain provisions of California's Investigative Consumer Reporting Agencies Act. *See* Cal. Civ. Code § 1786, et. seq. It seems likely that, as a general matter, plaintiffs could allege facts sufficient to show Article III standing from violations of some of these provisions. For example, it could be that if a tenant paid an application fee with the expectation of receiving a copy of the consumer report that the landlord obtains using the fee, and never received the copy, the loss of the fee would be a sufficient concrete injury to support standing. But here, while the complaint alleges that a fee was paid, it alleges no connection

between the payment of the fee and any injury. The only injuries alleged are extremely vague—damages deriving from "emotional distress, injury, and harm to property interests." Complaint ¶ 56, Dkt. 1-2. And there is no basis to infer a connection between the payment of the fee and obtaining a copy of the report: the statutory right to a copy of a consumer report doesn't hinge on the payment of any fee, and conversely, there's no indication that the payment of the fee, in the absence of the statute, would entitle the plaintiffs to a copy of any report. *See* Cal. Civ. Code § 1786.16(b)(1).

Similarly, while a plaintiff could show an "informational injury" caused by ICRAA violations in some circumstances, the complaint here articulates no such injury. For example: there is no allegation that the plaintiffs were deprived of any information that was valuable to them; or that the plaintiffs would have checked the box to request a copy of their reports if the option had been given to them; or that any of the information in the consumer reports was false and therefore that the plaintiffs were injured by being unable to review that information. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1116 (9th Cir. 2017); *Rotor v. Signature Consultants, LLC*, No. 18-CV-07526-JST, 2019 WL 3246535, at *5 (N.D. Cal. July 19, 2019).

Because the plaintiffs' allegations do not give rise to Article III standing, the case must be remanded to state court. *See Polo v. Innoventions International, LLC*, 833 F.3d 1193, 1196 (2016). The plaintiffs' request for attorney's fees is denied.

The case is remanded to San Francisco Superior Court. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: July 21, 2020

VINCE CHHABRIA
United States District Judge